investigations, including, but not limited to, visual surveillance, questioning of witnesses, use of search warrants, use of informants, use of pen registers, the utilization of confidential sources and undercover agents, and the use of court authorized wire intercepts.

3. I have received extensive training by the FBI. In addition to my experience investigating drug crimes, I have also received training and experience investigating crimes related to domestic terrorism, as well as financial crimes. I have been assisted in this investigation by agents of the Internal Revenue Service/Criminal Investigations, as well as by other members of local law enforcement. This Affidavit is made in support of a warrant to search for and seize evidence. Because this affidavit is submitted for the limited purpose of establishing probable cause to obtain a search warrant, I have summarized a number of investigative findings, but I have not included the details of every aspect of the investigation.

4. During the course of the investigation, several sources of information have been utilized, including but not limited to witness interviews, public records, business records, and other federal and state agencies. All of the information contained in this affidavit is based on personal knowledge of your affiant and the investigative sources of your affiant. The facts to support the issuance of a search warrant for the premises described above are as follows:

## INTRODUCTION

5. DAVID J. RAY (hereinafter, RAY) resides at ▮▮▮ Bull Hollow Road, Fieldon, Jersey County, Illinois, (hereinafter, Target Premises #1) and is the President/Owner of Hunter Contracting and Development Inc. and Hunter, LLC, both of which are located at 1356 South 5th Street, St. Charles, St. Charles County, Missouri 63301 (hereinafter, Target Premises #2). Hunter Contracting and Development Inc. is a construction company that focuses on rehabbing/remodeling homes.

6. The investigation into DAVID RAY is focused on two primary issues. First, RAY is believed to have unlawfully acquired firearms. Specifically, he is believed to have violated statutes regarding: being a drug user in possession of firearms, in violation of Title 18 United States Code, Section 922(g)(3) (prohibited person in possession of a firearm); and participating in straw purchases of firearms, in violation of 18 U.S.C. § 922(a)(6); and aiding and abetting and conspiring with a Federal Firearms Licensee (FFL) to unlawfully acquire a firearm, in violation of 18 U.S.C. § 922(b)(2) and § 922(m). Second, RAY is believed to be using multiple business entities to hide assets to evade the assessment of income taxes, and to facilitate his falsification of federal income tax returns, in violation of Title 26, United States Code, Sections 7201 (attempt to evade or defeat tax); and 7206(1) (fraud and false statements, declaration under penalties of perjury).

7. The investigation of the DISCOUNT HOUSE, 711 South State Street, Jerseyville, Illinois 62052 (Target Premises #3) is focused on whether JOHN JONES, the owner of that business, as a Federal Firearms Licensee (FFL) holder, has unlawfully sold firearms, in violation of Title 18, United States Code, Sections 922(b)(2) (licensee selling firearms to an Illinois resident without a FOID card in violation of state law); 922(d)(3) (providing firearms to a known drug user); as well as 922(b)(5) and 922(m) (maintaining accurate records regarding the purchaser of firearms). Additionally, agents are investigating whether ▮▮▮▮▮ was himself drug user in possession of firearms, in violation of Title 18 United States Code, Section 922(g) (prohibited person in possession of a firearm).

## I. DRUG/FIREARMS INVESTIGATION

8. In December 2011, members of the South Central Illinois Drug Task Force (SCIDTF) contacted the Federal Bureau of Investigation to request assistance investigating the

3

narcotic related activities of DAVID J. RAY and his associates. A member of local law enforcement was contacted by ▓▓▓▓▓▓▓▓ who asked the Jersey County Sheriff's Department to "do something" about DAVID RAY. ▓▓▓▓▓ stated that RAY's friends in the community are concerned that he is on a "downhill spiral" because of his drug use. A Jersey County Sheriff's Deputy advised that multiple cooperating witnesses have advised that RAY has been increasing his cocaine use in the last few years.

9. Agents have also identified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and ▓▓▓▓▓▓▓ as additional associates of DAVID RAY who are involved in the use of cocaine while possessing firearms. Furthermore, pursuant to the investigation, agents have identified RAY's home, located at ▓▓▓ Bull Hollow Road, Fieldon, Illinois (Target Premises #1), as a residence believed to be utilized as a "stash" location.

10. DAVID RAY's drug use and distribution consists of close and trusted associates located in the Jersey County, Illinois area. RAY acts as the leader and is the main source of supply for this suspected cocaine distributing organization, and is directly responsible for arranging cocaine to be brought into the Jersey County, Illinois area. Once in the area, RAY re-distributes the cocaine. This information was developed through corroborated information provided to the FBI by Sources of Information and trash pulls. It is believed that RAY's drugs are initially stored in Target Premises #1 and then re-distributed from Target Premises #1.

11. ▓▓▓▓▓▓▓ has been identified as an associate and drug user in possession of firearms, as well as a drug user dealing firearms; operating in the Jersey County, Illinois area.

███ operates a business called the DISCOUNT HOUSE, 711 South State Street, Jerseyville, Illinois 62052 (Target Premises #3). The DISCOUNT HOUSE is a Federal Firearms License (FFL) holder that is in the business of selling firearms.

12. Currently, the investigation has revealed that this organization is involved in the following activities: drug use, drug distribution and suspected money laundering. On or about, February 8, 2012, at approximately 6:30 p.m., agents working with the SCIDTF ███ ███ Bull Hollow Road, Fieldon, Illinois (Target Premises #1) after receiving complaints that RAY was using cocaine in his home. ███ resulted in the discovery of a sandwich bag that field tested positive for the presence of cocaine. ███ was a piece of straw commonly used to ingest cocaine.

13. RAY and ███ have been mentioned in interviews completed by the FBI. In these discussions, both RAY and ███ were identified as cocaine users and distributors obtaining unknown quantities from an unknown source of supply believed to be in Texas or Mexico.

14. In January 2012, a Cooperating Witness ███ provided information to law enforcement agents regarding RAY and ███ and their narcotic related activities. ███

5

15. ▓▓▓ stated that ▓▓▓ DAVID RAY has been using cocaine for approximately three years. ▓▓▓

16. In January 2012, ▓▓▓ provided information to law enforcement agents regarding RAY and ▓▓▓ and their narcotic related activities. The information provided by ▓▓▓ has proven reliable and has been corroborated by the investigative team. ▓▓▓ stated that since 2008, he/she has used cocaine with RAY ▓▓▓

███ stated that every time he/she saw RAY, that RAY would have some quantity of cocaine on his person. When RAY and ███ would use cocaine together, RAY was always the one to provide the cocaine, and would not charge ███ for the portion he/she used. ███ stated that he/she has been present when RAY has snorted cocaine with ███████████████████████, and ███████.

17. ███ said that he/she had previously been to Target Premises #1 with RAY and knew that RAY utilized the residence to store his narcotics. Specifically, ███ stated that on one occasion in ████████████████ he/she observed RAY and ███ go into gun vault to retrieve some cocaine. ███ described the gun vault as being approximately twelve foot by seventeen foot. ███ invited ███ to observe RAY breaking off the corner of a "cooler lid" sized amount of cocaine that RAY had in his vault. ███ described the cocaine as being at least eighteen inches by twenty four inches in size and approximately three inches deep. The portion that was broken off was then chopped up and snorted by ███ RAY, and ███.

18. ███ stated that it was common for RAY to have golf-ball sized amounts of cocaine laying around in various places around his house (Target Premises #1). ███ stated that RAY would often forget where he placed the golf-ball sized baggies of cocaine, and would have to go grab a different one.

19. ███ stated that RAY does not have an Illinois Firearm Identification (FOID) Card, but purchases all of his firearms from ███ business, the DISCOUNT HOUSE, 711 South State Street, Jerseyville, Illinois 62052 (Target Premises #3).



20. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ opined that for DAVID RAY to complete the purchase of his guns that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Such a transaction is in violation of 18 U.S.C. § 922(a)(6)(straw purchaser) and § 922(m) (licensee falsifying records).

21. On February 23, 2012, your Affiant contacted the Illinois Statewide Terrorism Information Center (STIC), located in Springfield, Illinois. The STIC is a law enforcement fusion center that functions as a 24/7 Operations Center for the Illinois State Police and the State of Illinois. The STIC is comprised of Intelligence Analysts and Operational Specialists from Federal, State, and Local Law Enforcement Agencies whose main mission is to provide timely, effective, and actionable intelligence to the Public and Private Sector partners throughout the State of Illinois. The STIC has access to the Illinois State Police records pertaining to the issuance of Firearms Owners Identification (FOID) Cards. The STIC verified that they have no record on file of DAVID RAY being issued a valid FOID card.

22. ▇▇▇▇▇▇▇ confirmed that DAVID RAY has a gun vault in the home, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (See Attachment C). ▇▇▇▇▇▇▇ estimated that RAY has approximately one hundred and fifty guns in his approximately 200 square foot gun

vault. ▮▮▮▮▮ agents ran a query through the Illinois State Police's Firearm Transfer Inquiry Program (FTIP). Illinois law requires that, when a firearm is sold by a Federal Firearms License (FFL) holder, like the DISCOUNT HOUSE, the seller must perform a dial-up inquiry to the Illinois State Police to verify that the buyer's FOID card is valid. This check is known as an FTIP check. Agents performed an FTIP check on ▮▮▮▮▮

As an FFL, the DISCOUNT HOUSE is required by statute to maintain firearms sales records, including ATF Forms 4473. Those records must be maintained by the FFL for examination by the ATF. Affiant seeks the issuance of a search warrant for Target Premises #3 to examine the DISCOUNT HOUSE's sales records for evidence of the unlawful sale of firearms.

    23. ▮▮▮ stated that RAY was ▮▮▮ cocaine supplier; however ▮▮▮ never seen ▮▮▮ carrying more than $100 worth of cocaine on his person at a time.

    24. ▮▮▮ stated that in ▮▮▮, RAY had a party at his residence. While at the party, ▮▮▮ walked into the bathroom and caught RAY's associates snorting cocaine. ▮▮▮ and left the party.

    25. ▮▮▮, observed men at the party snorting cocaine in the bathroom of the nanny's quarters. ▮▮▮ stated that ▮▮▮ told ▮▮▮

    26. ▮▮▮ informed that RAY has boasted to ▮▮▮ that he has a Mexican who walks his cocaine across the border for him. ▮▮▮ stated that RAY is known for having the

best cocaine in the area. ▓▓▓ believes that RAY uses his business affiliations in Texas to facilitate his drug transportation from Texas to the Jersey County, Illinois area.

27.   ▓▓▓ stated that RAY takes a trip to Texas at least ten times per year. Since establishing his business ties in Texas, RAY has become more flamboyant with his money. On or about June 2008, RAY built his home located at Target Premises #1. According to ▓▓▓ RAY paid for all of his personal expenses incurred during the construction of the home with funds from one of his companies, HUNTER, LLC. ▓▓▓ estimated RAY's new residence, and surrounding 300 acres, to be worth approximately $5 million. (Photographs of the residence are attached as Attachment C).

28.   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

29.   A Jersey County Tax Payment Inquiry for RAY's residence indicated that Parcel Number ▓▓▓, also identified as ▓▓▓ Bull Hollow Road, Fieldon, Illinois (Target Premises #1), is owned by HUNTER LLC, and had a property tax of $16,672.60. The property taxes for that property were paid in two separate $8,336.30 installments, one dated August 16, 2011 and the second dated September 12, 2011.

30.   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



31. On February 24, 2012, ▮▮▮▮ conducted a consensually recorded conversation with ▮▮▮▮

32. ▮▮▮▮

33. ▮▮▮▮



35. ▮ stated that he does not know where RAY gets his cocaine from. ▮ stated that RAY's source of supply is one of the things RAY would never disclose to him. ▮ told ▮ that he was never around the stuff, referring to cocaine, until he was around it with RAY. ▮ claimed that he is no longer using cocaine at this time.

36. ▮ In that conversation, JONES made incriminating statements concerning the following violations of federal law:

   a. JONES acknowledged using drugs with DAVID RAY on multiple occasions. In the same conversation, JONES admitted to selling guns to RAY, a known drug user, in violation of 18 U.S.C. § 922(d)(3).

   b. JONES stated that he had repeatedly been to RAY's residence, which is located in Illinois. However, JONES also admitted that he had sold firearms to RAY, a known Illinois resident, who did not possess an Illinois FOID card. These sales are in violation of 18 U.S.C. § 922(b)(2). JONES admitted that he allowed RAY to purchase long guns through his business by claiming that RAY was Missouri resident. Under Illinois law, Missouri residents are

allowed to purchase long guns from an Illinois FFL without a FOID card. However, JONES unequivocally knew that RAY actually lived in Illinois.

c. According to Jones, those purchases of long guns were made through the business, which resulted in paperwork being generated (meaning ATF Form 4473, etc.). To complete those transactions, those Forms 4473 would have necessarily contained false statements asserting both that RAY was not a user of controlled substances and that he was a Missouri resident, in violation of 18 U.S.C. § 922(m).

d. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████ ███████████████
████████████████████████████████████████
█████████████████

e. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████