# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS



**FILED**

**MAR 0 1 2012**

STEPHEN C. WILLIAMS
U.S. MAGISTRATE JUDGE
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE MATTER OF THE SEARCH OF  )

THE RESIDENCE AND             )
OUTBUILDINGS ON THE           )
PROPERTY LOCATED AT           )   CASE NUMBER 12-m-7014
█████ BULL HOLLOW ROAD,       )
FIELDON, ILLINOIS, FURTHER    )
DESCRIBED AS A SINGLE-FAMILY  )   **FILED UNDER SEAL**
RESIDENCE WITH TAN BLOCKs,    )
WITH THE NUMBER █████         )
CLEARLY MARKED ON THE         )
FRONT OF THE RESIDENCE AND    )
THE DRIVEWAY IS LOCATED ON    )
THE RIGHT SIDE OF THE         )
RESIDENCE                     )

## MOTION TO SEAL
## APPLICATIONS FOR SEARCH WARRANT AND SEARCH WARRANTS

Comes now the United States of America, by and through Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Assistant United States Attorney Steven D. Weinhoeft, and for its Motion to Seal the Applications and Affidavits for Search Warrant; Search Warrants; Search Warrant Returns and Inventories; this Motion to Seal and accompanying Sealing Order states as follows:

1.    On February 23, 2012, the United States Attorney, through Steven D. Weinhoeft, Assistant United States Attorney, applied for a Search Warrant before United States Magistrate Judge Stephen Williams.

2.    FBI Special Agent Richard Box, avers that disclosure of the contents of the Applications, Affidavits, and Search Warrants could compromise and jeopardize an ongoing investigation and/or witnesses who have provided information to the United States Attorney's Office.

3.    Rule 49.1 of the Rules of Criminal Procedure govern required redactions from court filings; however search warrants are exempt from the redaction requirement and therefore personal identifier information is included in the applications inc that ought not be made public.

4.    Information that could be used to identify confidential informants is included in the search warrant applications.  Witnesses names and identifiers are protected from disclosure by statute under 18 U.S.C. 3509.  Because witnesses are often targeted for retaliation, disclosure of the Application and Affidavits would jeopardize the physical safety of those who have provided assistance to law enforcement.  The threat to the safety of witnesses is often more serious when the subject matter of the inquiry involves guns and drugs, as is present in the instant case.

5.    Subjects and targets are identified in the applications for search warrants who may not ultimately be charged.  Revealing the information contained in the application would unfairly prejudice those individuals by publicly revealing uncharged allegations of criminal conduct.

6.    The Applications for search warrant contains sensitive investigative techniques.

7.    Confidential sources are referenced in the Application; however, a confidential source need not be disclosed to a defendant unless proven necessary for his defense, See *Roviaro v. United States*, 353 U.S. 53 (1957).

8.    The Application contains Federal Tax Information, which is generally protected from disclosure pursuant to 26 USC § 6103, et. seq. and ought not be made public.

**WHEREFORE,** the United States prays this Honorable Court order the Clerk of the

Court to seal the application and affidavit for the search warrant and affidavit referenced herein.


Respectfully submitted,

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

STEVEN D. WEINHOEFT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
Phone: (618) 628-3700
Fax:    (618) 628-3720
E-mail:Steven.Weinhoeft@usdoj.gov